UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TODD M. LEKAN, | ) | Case No. 23-11768 |
| | ) | |
| Debtor-in-Possession. | ) | Chief Judge Catherine J. Furay |

# U.S. TRUSTEE'S OBJECTION TO DEBTOR'S
# AMENDED DISCLOSURE STATEMENT

The Acting United States Trustee for the Western District of Wisconsin, Adam G. Brief, by Jennifer K. Niemeier, hereby files an objection to the Debtor's Amended Disclosure Statement dated February 24, 2025 (Dkt. 97) ("Amended Disclosure Statement") and in support thereof states as follows:

1. On February 24, 2025, the Debtor filed his Amended Disclosure Statement and Amended Plan of Reorganization ("Amended Plan"), along with exhibits showing the Debtor's projected business income, monthly budget, and liquidation analysis. (Dkt. 97)

2. According to the Amended Disclosure Statement, the Debtor receives income from two sources: wages from employment at Gestalt Enterprises and income generated from the Debtor's solely owned business, Todd Lekan LLC ("LLC").

3. The Amended Disclosure Statement describes the LLC as a "software development contractor" that has been owned and operated by the Debtor since 2008. The LLC's only employee is the Debtor.

4. Exhibit B of the Amended Disclosure Statement provides the LLC's projected income and expenses for 2025 ("LLC Income Projections"): $139,530.50 of income and $107,547.97 of expenses, for net income of $31,982.53 in 2025.

5. The LLC Income Projections provide monthly gross income and expenses, but does not provide a breakdown of the LLC's business expenses.

1

6. Exhibit C of the Amended Disclosure Statement provides the Debtor's projected monthly income and expenses ("Debtor's Budget"), which includes, among other things, $800 for food and household supplies, $300 for entertainment, and $500 for transportation.

7. The Debtor's January 2025 and February 2025 monthly operating reports (collectively, "MORs", separately "January MOR" and "February MOR) reflect significant discretionary expenditures for travel, restaurants, recreational activities, and purchases at ski resorts in Colorado and Wyoming. (Dkts. 96, 104).

8. The food and restaurant, recreation and entertainment, and travel expenses reflected on the MORs is substantially higher than the amounts budgeted for these expenses on the Debtor's Budget.

9. Section 1125 of the Bankruptcy Code requires a Chapter 11 debtor's disclosure statement to contain "adequate information," meaning:

> information of a kind, and in sufficient detail, as far as is reasonably practical in light of the nature and history of the debtor and the condition of the debtor's books and records ... that would enable a [party in interest] to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1)

10. The primary purpose of a disclosure statement is to give creditors the information necessary to decide whether or not to accept a plan. *See, In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1986). The sufficiency of the information provided in a disclosure statement is determined at the bankruptcy court's discretion on a case-by-case basis. *Menard-Sanford v. Mabey*, 880 F.2d 694, 696 (4th Cir. 1989); *Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1156–57 (5th Cir. 1988), *cert. denied*, 88 U.S. 926 (1988).

11. Because the LLC Income Projections do not detail the LLC's monthly expenses, the U.S. Trustee cannot determine whether the discretionary spending reflected on the MORs has been accounted for as an expense of the LLC.

12. Further, without access to the LLC's detailed expenses, it is impossible to determine whether the LLC expenses are reasonable and accurate, and whether the Debtor's food, travel, and entertainment budget are duplicated on the Debtor's Budget and the LLC expenses.

13. Without adequate disclosures of the LLC's expenses, creditors do not have sufficient information to make an informed judgment regarding the Debtor's future income and the reasonableness of the proposed plan payments.

14. The U.S. Trustee objects to the adequacy of the Amended Disclosure Statement because it does not disclose the LLC expenses and, in doing so, appears to be providing the Debtor with a mechanism to continue making significant discretionary purchases rather than direct those funds to plan payments.

For the reasons stated above, the United States Trustee respectfully requests that the Court sustain this Objection, deny approval of the Amended Disclosure Statement until the Debtor provides additional disclosures in accordance with § 1125, and any other relief this Court deems just and reasonable.

Dated: April 11, 2025

Respectfully submitted,

ADAM G. BRIEF
Acting United States Trustee

BY: _/s/ Jennifer K. Niemeier_
Jennifer K. Niemeier
Attorney for U.S. Trustee

Office of the U.S. Trustee
780 Regent St., Suite 304
Madison, WI 53715
(608) 264-5522
Jennifer.Niemeier@usdoj.gov